UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
LINDA BECKMAN,

                        Plaintiff,                     **<u>MEMORANDUM AND ORDER</u>**
                                                  20-CV-3635 (RRM)(AKT)

     v.

AETNA HEALTH INSURANCE; MEDICARE
HEALTH; MARSHALLS; HUMANA HEALTH
INSURANCE,

                              Defendants.
----------------------------------------------------------------x
ROSLYNN R. MAUSKOPF, Chief United States District Judge:

       Plaintiff, proceeding *pro se*, filed this action alleging "official misconduct" relating to her

healthcare coverage.  Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28

U.S.C. § 1915.  The Court has reviewed Plaintiff's complaint and finds that it does not state a

plausible claim for relief.  For the reasons set forth below, the complaint is dismissed, but

Plaintiff is afforded thirty days to submit an amended complaint as to her 42 U.S.C. § 1983

claims against proper defendants.

## BACKGROUND

       Plaintiff, a resident of Riverhead, New York in Suffolk County, files this action to

challenge a recent change in her healthcare provider.  Although her complaint is unclear, it

appears that Plaintiff, a Medicare beneficiary, is dissatisfied that her coverage was switched from

one health insurance company to another.  She names as defendants Aetna Health Insurance,

"Medicare Health," Humana Health Insurance, and "Marshalls.[1]"  There are no allegations

---

[1] From the address she provides for Marshalls, it appears that Plaintiff has named the retail establishment Marshalls & Home Goods at 1762 Old County Road in Riverhead, New York.  (ECF No. 1 at 4.)

against any defendants.  Plaintiff seeks $20,000.00 in damages for "official misconduct" under New York Penal Law § 195.00.  (ECF No. 1 at 2.)

In light of plaintiff's *pro se* status, the Court has also reviewed April 23, 2020, letter that Plaintiff filed with the Court on August 18, 2020.  None of the documents attached thereto clarify her claim or suggest any facts in support of a federal claim.  However, a statement contained therein provides the best glimpse into her allegation:

> Please take Notice of the Following report:
> ON MAY 31st UnitedHealth care cancel "Plaintiff's Policy"
> For Violating rule's of contract": stating Plaintiff
> Enrolled With Humana insurance: in Which Plaintiff
> denies" so Plaintiff lost "full coverage" For two month's
> June-July: then "An only then-statement in document Proof"
> medicare had Approved "Enrollment" With Aetna Insurance"
> beginning-6-1-20) With-No-Authorization "From Plaintiff"

(ECF No. 4 at 5.)

## STANDARD OF REVIEW

A pleading must provide "a short, plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To avoid dismissal, such a statement must include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions'

2

or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). A district court shall also dismiss an *in forma pauperis* action if the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

"[A] *pro se* plaintiff is not exempt from compliance with relevant rules of procedural and substantive law." *McCrary v. Cty. of Nassau*, 493 F. Supp. 2d 581, 584 (E.D.N.Y. 2007) (citing *Faretta v. California*, 422 U.S. 806, 834 n.36 (1975)). At the same time, "document[s] filed *pro se* [are] to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations and citations omitted). If a liberal reading of a *pro se* complaint "gives any indication that a valid claim might be stated," a court must grant the plaintiff leave to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

"When a complaint does not comply with the [Rule 8] requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant, to strike any portions that are redundant or immaterial, or to dismiss the complaint." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The Second Circuit has "repeatedly emphasized that Rule 8 reflects 'liberal pleading standards,' simply requiring plaintiffs to 'disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery.'" *Riles v. Semple*, 763 F. App'x 32, 34 (2d Cir. Feb. 27, 2019) (quoting *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000)). Dismissal of claims is "usually reserved for those cases in which the complaint is

so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well

disguised." *Salahuddin*, 861 F.2d at 42.

## DISCUSSION

Plaintiff's Complaint does not satisfy Rule 8 and does not plead sufficient facts "to state a

claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  While Plaintiff lists

health insurance companies, Medicare, and Marshalls as defendants, the Court is unable to

identify the substance of these claims even with a liberal eye and broad construction.  For

example, although she asserts that the basis for this court's jurisdiction is "195.00 official

misconduct by public officials acting under [42 U.S.C. §] 1983"[1], (ECF No. 1 at 4), none of the

defendants are state actors as would be required to assert a Section 1983 claim.  Nor does she

allege the violation of a constitutional right.  And, to the extent she wishes to file criminal

charges against the defendants under New York Penal Law 195.00,[2] she may not.  As a private

citizen, she lacks standing to bring criminal charges under New York Penal Law § 195.00 or any

other criminal statute in federal court.  *See Leeke v. Timmerman*, 454 U.S. 83, 85–86 (1981)

("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution

---

[1] In order to maintain an action under § 1983, a plaintiff must allege both that the conduct complained of was "committed by a person acting under color of state law" and that the conduct "deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994).  Moreover, a plaintiff must allege the direct or personal involvement of each of the named defendants in the alleged constitutional deprivation.  *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010); *see also Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) ("It is well-settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.").

[2] New York Penal Law § 195.00 provides:

[a] public servant is guilty of official misconduct when, with intent to obtain a benefit or deprive another person of a benefit:
1. He commits an act relating to his office but constituting an unauthorized exercise of his official functions, knowing that such act is unauthorized; or
2. He knowingly refrains from performing a duty which is imposed upon him by law or is clearly inherent in the nature of his office.

4

of another.") (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)).  Since the complaint otherwise fails to provide fair or reasonable notice of the claims against Defendants, the Court dismisses the Complaint for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

However, in light of plaintiff's *pro se* status, the Court grants plaintiff thirty days to amend her complaint in order to comply with the dictates of Rule 8.  *See* Fed. R. Civ. P. 15(a); *see, e.g., Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003) ("Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the [*pro se*] complaint gives any indication that a valid claim might be stated.") (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir.1999)).  Should plaintiff file an amended complaint, she must satisfy the minimal filing requirements of Fed. R. Civ. P. 8, providing the defendant(s) with notice of the claims against it and a short, plain statement of the relevant facts supporting her claim or claims.  She must also allege a basis for this Court's subject-matter jurisdiction, such as the violation of a federally protected right or complete diversity of citizenship between plaintiff and each defendant and an amount in controversy exceeding $75,000.

## CONCLUSION

The Complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  However, the Court grants Plaintiff leave to amend.  If Plaintiff chooses to file an Amended Complaint, she must do so within thirty (30) days of this Memorandum and Order.  The Amended Complaint must be captioned "AMENDED COMPLAINT" and bear the same docket number as this Order: 20-CV-3635 (RRM)(AKT).  Plaintiff is advised that the Amended Complaint will replace her original complaint.

If Plaintiff fails to submit an Amended Complaint within thirty days, or if the

Amended Complaint does not comply with this Order, judgment dismissing this action shall be entered.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
     January 11, 2021

*Roslynn R. Mauskopf*

_____
ROSLYNN R. MAUSKOPF
Chief United States District Judge